UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The Scoular Company, a
Nebraska corporation,

Plaintiff,

vs.

**AMENDED PRETRIAL SCHEDULE**

Animalfeeds International Corporation, a Delaware corporation, Atlantic Shippers of Texas, Inc., a Texas corporation, John A. Messerich, Robert R. Pastore, Eric H. Jackson and Brian Murtagh,

Defendants.

Civ. No. 00-277(JMR/RLE)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of October, 2000.

* * *

Pursuant to Pretrial Conference convened on September 13, 2000, accordance with provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Schedule will govern these proceedings. **The Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rule 16.3.**

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **September 1, 2000**. The period during which the parties may conduct discovery shall terminate on **May 1, 2001**. Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied

OCT 11 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **December 1, 2000**.

III.

That all nondispositive Motions shall be filed and the Hearing thereon completed prior to **June 1, 2001**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

IV.

That no more than forty (40) Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party on any other party. For the purposes hereof, (1) defendants Animalfeeds International Corporation, Atlantic Shippers of Texas, Inc., Robert R. Pastore and Brian Murtagh, collectively; and (2) defendants John Messerich and Eric Jackson, collectively, shall each be considered one party.

V.

There is no initial limit on the number of depositions that can be taken by any party.

VI.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **March 1, 2001**. The Defendants' disclosures shall be made on or before **April 1, 2001**. Plaintiff shall disclose, and provide a report in accordance with the above requirements, of any rebuttal expert, within thirty (30) days after receipt of defendants' experts reports. Defendants shall disclose and provide a report in accordance with the above requirements, of any rebuttal expert, within thirty (30) days after the receipt of the report of plaintiff's rebuttal expert.

VII.

That the parties **do** contemplate taking expert depositions and the experts shall be deposed

up to and including **July 1, 2001**. There is no initial limit on the number of experts that may be deposed by any party. The party taking the deposition of any expert shall pay the expert a reasonable fee for the time actually spent being deposed by that party, and for any out-of-pocket expenses incurred by the expert in traveling to the place of the deposition.

VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

IX.

That all dispositive Motions shall be filed and the Hearing thereon completed prior to **August 1, 2001**. All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

X.

That this case shall be ready for Trial on **August 1, 2001**[1], or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **Jury** Trial calendar.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[1]**THIS DATE IS NOT A TRIAL SETTING DATE.** The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED.**